UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------x
UNITED STATES OF AMERICA


          -against-                          Ind. No. 10-671(KAM)



CHEN KUO,

                        Defendant.
--------------------------------------x




            MEMORANDUM OF LAW IN SUPPORT OF
            DEFENDANT'S PRE-TRIAL MOTIONS




                              Respectfully submitted,




                              STUART J. GROSSMAN
                              Attorney for Defendant
                              CHEN KUO
                              108-18 Queens Boulevard
                              Forest Hills, NY  11375
                              718/520-8722

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'S PRE-TRIAL MOTIONS

POINT ONE
SEVERANCE MOTION

In Bruton v. United States 391 U.S. 123, 88 S.Ct. 1620, (1968), the Supreme Court held that a defendant is deprived of his Sixth Amendment right of confrontation when the facially incriminating confession of a nontestifying co-defendant is introduced at their joint trial, even if the jury is instructed to consider the confession only against the co-defendant. The Court said:

> "[T]here are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored. Such a context is presented here, where the powerfully incriminating extrajudicial statements of a codefendant, who stands accused side-by-side with the defendant, are deliberately spread before the jury in a joint trial..." 391 U.S., at 135-136, 88 S.Ct., at 1627-1628.

Here, HUA's statement that telephone number (845) 775-0019 had belonged to KUO "expressly implicates" KUO as the person who made the July 19, 2010 threatening phone call to John Doe # 1.  Bruton, supra, at 124, n.1, 88 S.Ct., at 1621, n.1. HUA's statement also indirectly implicates KUO as one of the assailants in the baseball bat attack on John Doe # 1. Thus, there can be no doubt that this

statement will prove to be "powerfully incriminating" against KUO. Bruton, supra, at 135, 88 S.Ct., at 1627.

Rule 14(a) of the Federal Rules of Criminal Procedure permits the court to sever the trial of the defendant from the co-defendant "If it appears that a defendant ... is prejudiced by a joinder ... of defendants in an indictment ..." Clearly, the defendant will be prejudiced by the introduction of the nontestifying co-defendant's statement at their joint trial since this is strong evidence against the defendant.  See, Mason v. Scully, 16 F.3d 38 (2d Cir. 1994).  Therefore, the motion to sever should be granted.

Respectfully submitted,

STUART J. GROSSMAN
Attorney for Defendant
CHEN KUO
108-18 Queens Blvd
Forest Hills, New York 11375
718/520-8722